IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY JOHNSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-1106-GPM |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Terry Johnson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 2). Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Mr. Johnson's motion shows that it must be dismissed.

On July 6, 2010, Mr. Johnson entered an open plea of guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine, and one count of distribution of less than five grams of crack cocaine. *See United States v. Johnson*, S.D. Ill., Criminal Case. No. 09-40069-015-GPM. Mr. Johnson's relevant conduct was found to be 15.8 grams of crack cocaine. *Id.* He was sentenced on October 18, 2010, and at that time, 21 U.S.C. § 841(b)(1)(B)(iii) mandated a minimum term of incarceration of five years for violations involving

five grams or more of crack cocaine. *Id.* Mr. Johnson was sentenced to the statutory mandatory minimum of five years. *Id.* Judgment was entered on October 20, 2010. *Id.* Mr. Johnson did not file a notice of appeal. *Id.*

Mr. Johnson filed this § 2255 motion on October 17, 2012 (Doc. 1). The Government has not been ordered to file a response to Mr. Johnson's § 2255 motion because based upon the preliminary review, it is clear that the motion must be denied because it was untimely. Section 2255 motions generally must be filed within a year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Mr. Johnson's judgment of conviction was entered on October 20, 2012, and it became final fourteen days later when the time to file a notice of appeal expired. FED. R. APP. P. 4(b). Mr. Johnson did not file the instant § 2255 motion until October 17, 2012, well over a year after his conviction became final. Additionally, Mr. Johnson does not claim any government-created impediment, Supreme Court decision, or latent facts that would support a different limitations period. *See* 28 U.S.C. § 2255(f). Therefore, because Mr. Johnson filed the instant Motion outside the time allowed under 28 U.S.C. § 2255, the motion is untimely and must be denied.

The Court further notes that even if Mr. Johnson had timely filed his § 2255 motion, it would be denied because it plainly appears that Mr. Johnson is not entitled to relief. In his motion, Mr. Johnson maintains that the Court erred in not sentencing him under the Fair Sentencing Act of 2010 ("FSA") (Doc. 1). Mr. Johnson also asserts that he received ineffective assistance of counsel when his attorney did not object to the Court's decision not to sentence him under the FSA and when his attorney did not file a notice of appeal regarding the Court's decision (Doc. 1). Mr. Johnson is seeking to have his guideline sentencing range lowered and his sentence

accordingly reduced (Doc. 1).

However, Mr. Johnson is not entitled to relief based on the grounds he asserts. The FSA took effect on August 3, 2010. *Dorsey v. United States*, 132 S.Ct. 2321 (2012). Johnson was sentenced on October 18, 2010 for crimes committed prior to the effective date of the FSA. At the time Johnson was sentenced, the FSA was not applicable to anyone whose conduct occurred before its effective date, regardless of when the offender was sentenced. *See United States v. Powell*, 652 F.3d 702, 710 (7th Cir. 2011); *see also United States v. Fischer*, 635 336, 340 (7th Cir. 2011); *United States v. Campbell*, 659 F.3d 607, 609 (7th Cir. 2011). Therefore, it was not an error for the Court not to sentence Mr. Johnson under the more lenient penalties of the FSA, nor was his counsel ineffective for not objecting to or appealing the Court's decision.

However, pursuant to the Supreme Court's decision in *Dorsey v. United States*, which held that the more lenient penalties of the FSA applied to offenders whose crimes preceded the effective date of the FSA and were sentenced after such date but before the new Sentencing Guidelines concerning the crack-to-powder cocaine disparity took effect in 2011, 132 S.Ct. 2321, 2335–36 (2012), Mr. Johnson had a valid claim for a sentence reduction. Mr. Johnson properly brought his claim in a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which this Court granted and Johnson's sentence was reduced from 60 months to 42 months. *United States v. Johnson*, S.D. Ill., Criminal Case. No. 09-40069-015-GPM (Docs. 720, 723). Therefore, Mr. Johnson has already received the relief that he is seeking in his § 2255 motion. He was released from prison on May 24, 2013.[1]

---

[1] This information was obtained by searching for Terry Johnson using his inmate number, 08282-025, on the Inmate Locator on the Federal Bureau of Prisons website.

## CONCLUSION

For the aforementioned reasons, Petitioner Terry Johnson's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.  This action is **DISMISSED**, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   July 26, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
